NO. 07-04-0077-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 7, 2005

_____


DALE SUE JONES AND STANLEY RAY JONES, APPELLANTS

V.

TED SCOTT, M.D., ET AL., APPELLEES

_____

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-513,918; HONORABLE J. BLAIR CHERRY, JR., JUDGE

_____

Before REAVIS and CAMPBELL, JJ. and BOYD, S.J.[1]

**NOTICE OF BANKRUPTCY**

Appellants Dale Sue Jones and Stanley Ray Jones perfected this appeal to challenge the trial court's order dismissing their health care liability claim against appellees. Following a stay in bankruptcy, on January 27, 2005, the appeal was reinstated pursuant

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

to appellee Ted Scott's motion. Scott included a copy of an order of dismissal with prejudice in case number 04-18791-NLJ from the United States Bankruptcy Court for the Western District of Oklahoma. Currently pending before this Court is a second notice of bankruptcy that includes a copy of the page of the bankruptcy petition filed February 9, 2005, in case number 05-11191NLJ . *See* Tex. R. App. P. 8.1(e). Pursuant to 11 U.S.C. § 362, an automatic stay is imposed prohibiting the commencement or continuation of any judicial actions or proceedings against a debtor.

Pursuant to Rule 8.2 of the Texas Rules of Appellate Procedure, the appeal is suspended. For administrative purposes, the appeal is removed from the docket and abated. Any documents filed subsequent to the bankruptcy petition will remain pending until the appeal is reinstated. The appeal will be reinstated upon proper showing from the United States Bankruptcy Court for the Western District of Oklahoma that the stay has been lifted and a request for specific action by this Court. Tex. R. App. P. 8.3(a).

Accordingly, the appeal is abated.

Per Curiam